IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KRISTEE ANN BOYLE<br>Personal Representative<br>of the Estate of Peyton Alexander Ham<br>23260 Hollywood Road<br>Leonardtown, Maryland 20650<br><br>and<br><br>KRISTEE ANN BOYLE<br>Mother of Peyton Alexander Ham<br>23260 Hollywood Road<br>Leonardtown, Maryland 20650,<br><br>Plaintiffs<br><br>v.<br><br>JOSEPH CHARLES AZZARI, JR<br>46922 Pembrooke Street<br>Lexington Park, MD 20653,<br><br>Defendant | Case No. _____<br><br>**WITH DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S COMPLAINT

### PARTIES

1. Plaintiff Kristee Ann Boyle, is the Personal Representative of the Estate of Peyton Alexander Ham, Estate No. 20985 before the St. Mary's County, Maryland Register of Wills. Said Plaintiff has an address of 23260 Hollywood Road, Leonardtown, Maryland 20650.

2. Plaintiff Kristee Ann Boyle, Individually, is an individual and citizen of the State of Maryland, and currently has an address of 23260 Hollywood Road, Leonardtown, Maryland 20650.

3. Defendant Joseph Charles Azzari, Jr. is an individual and a citizen of the State of Maryland, and currently has an address of 46922 Pembrooke Street, Lexington Park, MD 20653.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in the district and pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

7. On April 13, 2021 and currently, Defendant Joseph Charles Azzari, Jr. is a Trooper with the Maryland State Police.

8. On April 13, 2021, Defendant Azzari was on duty in his role as a Maryland State Police Trooper and was working a "day shift", was in full uniform, and operating a Maryland State Police Patrol vehicle.

9. On the afternoon of April 13, 2021, Defendant Azzari was in the Maryland State Police barracks located at 23200 Leonard Hall Drive, Leonardtown, Maryland 20650 (hereinafter, Leonardtown Barracks).

10. At around 13:20 hours on April 13, 2021, Defendant received a county-wide dispatch reporting a suspicious man with a gun in a neighborhood within close proximity to the Leonardtown Barracks.

11. Defendant Azzari responded to the dispatch and immediately responded, after receiving a dispatched address of 23260 Hollywood Road, Leonardtown, Maryland 20650, which was approximate one tenth of mile from the Maryland State Police Barracks.

12. Defendant Azzari did not activate his lights and sirens, despite the fact that most or all of the other responding officers did activate their lights and sirens.

13. Defendant Azzari responded to the wrong address, despite having received the dispatched address of 23260 Hollywood Road, Leonardtown, Maryland, and instead responded to a house next door with an address of 23270 Hollywood Road, Leonardtown, Maryland.

14. Continuing into the wrong property address with no emergency lights or sirens activities, Defendant Azzari drove his Maryland State Patrol Vehicle into the driveway of the wrong property and which is in an "U-Shape" that wrapped around the back of the neighbor's house.

15. Defendant Azzari did not activate the in-car camera in his Maryland State Police Patrol vehicle, despite the serious nature of the call he was responding to.

16. Defendant Azzari brought his Maryland State Police Patrol Vehicle to a stop behind the house on the Neighboring Property, still with no lights or sirens activated, and out of sight from Hollywood Road which was the only public road adjacent to either property.

17. Upon exiting his Maryland State Patrol vehicle, Defendant Azzari exited his Maryland State Patrol vehicle and observed Sixteen (16) Year-Old Peyton Alexander Ham (hereinafter, Decedent), who had walked onto the neighboring property.

18. Defendant Azzari has asserted that he believed the Decedent was holding a handgun his right hand and pointed it at Defendant Azzari.

19. In fact, Decedent was not holding an actual handgun in his hand but was instead holding a toy gun in his hand.

20. Defendant Azzari then fired his Maryland State Police issued semi-automatic handgun, spraying multiple rounds in the general direction of the Decedent.

21. Defendant discharged approximately eleven (11) rounds from his firearm initially upon seeing the Decedent (hereinafter, First Round of Shots).

22. One or more of the First Round of Shots struck the Decedent. The Decedent was injured, but still alive, conscious and able to communicate.

23. The nature of Decedent's injuries from the First Round of Shots were substantial enough that he was incapacitated to the degree that he no longer posed a risk to Defendant Azzari.

24. Defendant Azzari has acknowledged that after the First Road of Shots, the Decedent was no longer a threat to Defendant Azzari.

25. Defendant Azzari then reloaded his semi-automatic fireman with another full magazine of bullets from his duty belt.

26. Defendant Azzari continued to yell and scream at the Decedent, walking around him at least once close enough to touch the Decedent and with the tactical advantage of Defendant Azzari being behind the Decedent.

27. At one point, upon information and belief, Defendant Azzari ensured the toy gun that the Decedent had previously had was out of the reach of the Decedent.

28. At one point, Defendant Azzari claims he observed a knife in the possession of the Decedent.

29. During that same point in time, Defendant Azzari witnessed that the Decedent was only a Sixteen-Year-old (16) juvenile male.

30. During that same point in time, Defendant Azzari observed that the Decedent had sustained gunshot wounds, including a visible injury to the Decedent's right arm.

31. Defendant Azzari eventually stopped approximately fifteen (15) to twenty-five (25) feet from the Decedent, facing the Decedent, with his firearm drawn and pointing at the Decedent.

32. At the point in time that Defendant Azzari was approximately fifteen (15) to twenty-five (25) feet from the Decedent, the Decedent remained incapacitated to the degree that he posed no threat to Defendant Azzari or anyone else.

33. The Decedent was on his knees at the point in time when Defendant Azzari came to stop approximately fifteen (15) to twenty-five (25) feet away from the Decedent.

34. At least 57 seconds had passed between the time Defendant Azzari fired the First Round of Shots and the time he came to stop fifteen (15) to twenty-five (25) feet away from the Decedent.

35. Defendant Azzari then inexplicably fired approximately four (4) additional rounds (hereinafter, Second Round of Shots) from his firearm again striking and injuring the Decedent, striking the Decedent with multiple rounds.

36. The Decedent immediately collapsed from his kneeling position and dropped face-forward to the ground after he was struck by the Second Round of Shots.

37. At the time Defendant Azzari fired the Second Round of Shots, the Decedent posed no threat to Defendant Azzari or anyone else.

38. Decedent ultimately succumbed to the injuries he incurred as a result of his gunshot wounds.

39. Defendant Azzari fired the First Round of Shots and the Second Round of Shots willfully, deliberately, maliciously, or with reckless disregard for the safety of the Decedent and the surrounding homes, neighborhood and any other individuals in the vicinity of the incident. This evidenced, among other things, by the fact that many of the shots struck surrounding homes and/or other structures and, in at least one case, broke and window and entered the living area of nearby home.

40. At the time he fired the Second Round of Shots, Defendant Azzari was aware that other individuals were in close proximity to him, including the Defendant's step-grandmother and step-Aunt, who were within feet of the incident and both individuals were yelling trying to stop Defendant Azzari from fatally shooting the Decedent.

### COUNT 1 – 42 U.S.C. §1983: EXCESSIVE-FORCE CLAIM AGAINST DEFENDANT JOSEPH CHARLES AZZARI, JR. IN HIS INDIVIDUAL CAPACITY

41. Plaintiffs incorporate the allegations in paragraphs 1-40 as if fully stated herein.

42. Defendant Azzari's use of unreasonable, unnecessary, and excessive force violated Decedents's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. Defendant Azzari violated Decedent's Fourth and Fourteenth Amendment Rights because his use of force, and the force he used, was unreasonable in light of the circumstances as described above

43. Defendant Azzari acted willfully, deliberately, maliciously, or with reckless disregard for Decedent's established constitutional rights, including but not limited to his actions of firing the Second Round of Shots described above.

44. The Plaintiffs damages as to this Count are set forth under the Damages section set forth below.

### COUNT 2 – ASSAULT

45. Plaintiffs incorporate the allegations in paragraphs 1-44 as if fully stated herein.

46. Defendant Azzari acted with the intent and capability to do bodily harm to the Decedent. His conduct was perpetrated with actual malice.

47. Defendant Azzari's actions were in violation of law enforcement protocols, rules, and procedures.

48. Defendant Azzari's actions caused the Decedent to be put in reasonable apprehension of an imminent battery.

49. As a result of Defendant Azzari's conduct and actions, the Decedent suffered severe mental anguish, medical and other related expenses, and loss of future earning capacity.

50. Plaintiffs demand judgment against Defendant Azzari in excess of Seventy-Five-Thousand Dollars ($75,000.00) and as further set forth under the Damages section set forth below.

### COUNT 3 - BATTERY

51. Plaintiffs incorporate the allegations in paragraphs 1-50 as if fully stated herein.

52. When Defendant Azzari pointed his loaded firearm at the Decedent, he did in fact fire said firearm in two separate rounds of shots.

53. The Decedent was struck numerous times by the bullets discharged from Defendant's firearm.

54. The Decedent was struck in his shoulder, arms, neck, chest, ultimately fell forward onto the ground injuring his forehead and knees.

55. Defendant Azzari's conduct constituted an intentional touching (or the setting in motion of an event, which resulted in the offensive non-consensual touching) of the Decedent by the Defendant, and was undertaken deliberately and with actual malice.

56. As a result of Defendant's conduct, the Decedent suffered substantial damages including but not limited to extreme and permanent pain and suffering, permanent injury to his arms, neck, chest and shoulder, mental distress, monetary losses, and loss of life.

57. Plaintiffs demand judgment against Defendant Azzari in excess of Seventy-Five-Thousand Dollars ($75,000.00) and as further set forth under the Damages section set forth below.

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiffs incorporate the allegations in paragraphs 1-57 as if fully stated herein.

59. Defendant Azzari's actions as set forth above, including his verbal statements to the Decedent, the First Round of Shots, the Second Round of Shots and other actions during the same window of time, where intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to the Decedent and Plaintiff Kristee Ann Boyle.

60. Defendant Azzari's conduct, as described above, was extreme and outrageous and beyond the bounds of decency in society.

61. As a result of Defendant Joseph Azzari's conduct as described above, the Decedent and Plaintiff Kristee Ann Boyle, suffered, and will continue to suffer, severe and extreme emotional distress.

62. Plaintiffs demand judgment against Defendant Azzari in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and the costs of this action and as further set forth under the Damages section set forth below.

## COUNT 5 – SURVIVAL ACTION

63. Plaintiffs incorporate the allegations in paragraphs 1-62 as if fully stated herein.

64. Md. Code Ann., Est. & Trusts §7-401(y) provides for actions on behalf of the Decedent's estate for conscious pain and suffering, mental anguish, pre-death fright and other damages for which the deceased could have recovered had he survived.

65. Kristee Ann Boyle, Personal Representative of the Estate of Estate of Peyton Alexander Ham, deceased, hereby is pursuing this survival action and the Estate's claim for conscious pain and suffering, mental anguish, pre-death fright, and funeral and burial expenses, medical expenses, and other damages permitted by law.

66. As a direct and proximate result of the wrongful acts and/or indifference of Defendant Joseph Azzari, the Decedent sustained severe and conscious pain and suffering, mental anguish and terrifying pre-death fright and other damages for which he could have recovered had he survived.

67. As a further direct and proximate result of the wrongful acts and/or indifference of Defendant Azzari, the Decedent incurred monetary losses and expenses including but not limited to funeral, burial and medical expenses and further damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth under the Damages section set forth below.

## DAMAGES

68. In addition to any other damages specified above, as a direct and proximate result of Defendant Azzari's actions, Decedent suffered the following injuries and damages (and his Estate, through its Personal Representative, is seeking said damages in this Action):

 a. Medical expenses in the past and future.

 b. Mental anguish in the past and future.

    c. Disfigurement in the past and future.

    d. Physical impairment in the past and future.

    e. Loss of earning capacity.

    f. Physical pain and suffering.

69. In addition to any other damages specified above, as a direct and proximate result of Defendant Azzari's actions, Plaintiff Kristee Ann Boyle, Individually, suffered the following injuries and damages:

    a. Mental anguish in the past and future.

    b. Lost earnings.

    c. Loss of earning capacity.

    d. Loss of consortium in the past and future.

    e. Other pain and suffering.

## ATTORNEYS FEES

70. Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

71. For these reasons, Plaintiffs ask for judgment against Defendant for the following:

    a. For general, special and compensatory damages under federal and state law, including damages in the amount Five Million Dollars ($5,000,000.00);

    b. For punitive damages against Defendant Joseph Charles Azzari, Jr. to be determined at trial in the amount of Five Million Dollars ($5,000,000.00);

    c. For reasonable attorney fees as allowed by law, including but not limited 42 U.S.C. §§ 1983 – 1988;

    d. For pre-judgment and post-judgment interest;

e.  For costs of suit; and

f.  And for all and such other relief the Court deems just and appropriate.

Respectfully Submitted,

*[signature]*

Christopher T. Longmore, #25285
Dugan, McKissick & Longmore, LLC
22738 Maple Road, Suite 210
Lexington Park, Maryland 20653
(301) 862-3764
(301) 862-3789 (fax)
chris@paxlawyers.com
Attorney for Plaintiffs

## PRAYER FOR JURY

Plaintiffs assert their rights under the Seventh Amendment of the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

*[signature]*

Christopher T. Longmore
Attorney for Plaintiffs